| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS | |
| Case number *(if known)* _____  Chapter  **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**   **Castex Energy 2005 Holdco, LLC**

**2. All other names debtor used in the last 8 years**
    Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**   **82-4676832**

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **One Memorial City Plaza** **800 Gessner Rd., Suite 925** **Houston, TX 77024** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Harris** County | Location of principal assets, if different from principal place of business |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)** _____

**6. Type of debtor**
   ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Debtor **Castex Energy 2005 Holdco, LLC**  Case number (*if known*) _____
      Name

**7. Describe debtor's business**

A. *Check one:*
- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply*
- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **2111**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*
- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. Check **all** that apply:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☐ No.
- ■ Yes.

| | District | When | Case number |
|---|---|---|---|
| | **SDTX** | **10/16/17** | **17-35835** |
| | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

- ☐ No
- ■ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliates** |
|---|---|---|---|
| District | **SDTX** | When | Case number, if known |

Debtor **Castex Energy 2005 Holdco, LLC**               Case number (*if known*) _____
       Name

**11. Why is the case filed in *this district?***   *Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____
☐ It needs to be physically secured or protected from the weather.
☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ■ 200-999 | | |

**15. Estimated Assets**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor   **Castex Energy 2005 Holdco, LLC**　　　　　　　　　　Case number (*if known*)
　　　　　Name

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **February 26, 2021**
　　　　　　　　MM / DD / YYYY

X **/s/ Douglas J. Brickley**　　　　　　　　　　　**Douglas J. Brickley**
　Signature of authorized representative of debtor　　Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Matthew Okin**　　　　　　　　　　Date **February 26, 2021**
　Signature of attorney for debtor　　　　　　　　MM / DD / YYYY

**Matthew Okin**
Printed name

**Okin Adams LLP**
Firm name

**1113 Vine St., Suite 240**
**Houston, TX 77002**
Number, Street, City, State & ZIP Code

Contact phone **(713) 228-4100**　　Email address **info@okinadams.com**

**00784695 TX**
Bar number and State

Official Form 201　　　Voluntary Petition for Non-Individuals Filing for Bankruptcy　　　page 4

**Rider 1**

As of the date hereof, each of the entities listed below (the "Debtors") filed a petition in the Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors will move for joint administration of these cases under the case number assigned to the chapter 11 case of Castex Energy 2005 Holdco, LLC.

1. Castex Energy 2005 Holdco, LLC
2. Castex Energy 2005, LLC
3. Castex Energy Partners, LLC
4. Castex Offshore, Inc.

# United States Bankruptcy Court
## Southern District of Texas

In re  **Castex Energy 2005 Holdco, LLC**                                Case No.
                              Debtor(s)                                  Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **Castex Energy 2005 Holdco, LLC**  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**February 26, 2021**                                                    /s/ Matthew Okin
Date                                                                     **Matthew Okin**
                                                                         Signature of Attorney or Litigant
                                                                         Counsel for  **Castex Energy 2005 Holdco, LLC**
                                                                         **Okin Adams LLP**
                                                                         **1113 Vine St., Suite 240**
                                                                         **Houston, TX 77002**
                                                                         **(713) 228-4100 Fax:(888) 865-2118**
                                                                         **info@okinadams.com**

## CASTEX ENERGY 2005 HOLDCO, LLC AND CASTEX OFFSHORE, INC.

### UNANIMOUS CONSENT OF THE BOARD OF DIRECTORS
### IN LIEU OF SPECIAL MEETING

The undersigned, being the Board of Directors (the "Board") of Castex Energy 2005 Holdco, LLC, a Delaware limited liability company, and Castex Offshore, Inc., a Texas corporation, do hereby consent to the adoption of, and hereby ratify, the resolutions attached hereto, which resolutions shall be deemed to be adopted as of the date hereof and to have the same force and effect as if such resolutions were adopted by the Board at a duly convened meeting held for such purpose pursuant to Article IV of the Limited Liability Company Agreement of Castex Energy 2005 Holdco, LLC and Article VI of the Amended and Restated Bylaws of Castex Offshore, Inc.

IN WITNESS WHEREOF, the undersigned has executed this consent as of the 26th day of February, 2021.

**CASTEX ENERGY 2005 HOLDCO, LLC on behalf of itself and its subsidiaries, CASTEX ENERGY 2005, LLC and CASTEX ENERGY PARTNERS, LLC**

By:   */s/ David Alexander*
      Name: David Alexander
      Title: Significant Member Appointed Director

By:   */s/ Daniel Gillett*
      Name: Daniel Gillett
      Title: Director

By:   */s/ Gregory L. Miller*
      Name: Gregory L. Miller
      Title: Director

By:   */s/ Richard Sherrill*
      Name: Richard Sherrill
      Title: Director

**CASTEX OFFSHORE, INC.**

By: */s/ David Alexander*
 Name: David Alexander
 Title: Director

By: */s/ Daniel Gillett*
 Name: Daniel Gillett
 Title: Director

By: */s/ Gregory L. Miller*
 Name: Gregory L. Miller
 Title: Director

By: */s/ Richard Sherrill*
 Name: Richard Sherrill
 Title: Director

## RESOLUTIONS OF THE BOARD OF DIRECTORS

**WHEREAS**, a meeting (the "Meeting") of the Board of Directors (the "Board") of Castex Energy 2005 Holdco, LLC (the "Company") was held, commencing at 10:30 a.m. (Central Standard Time) on November 18, 2020;

**WHEREAS**, pursuant to Article IV of the Limited Liability Company Agreement of Castex Energy 2005 Holdco, LLC (the "Company Agreement"), and Article V of the Amended and Restated Bylaws of Castex Offshore, Inc. the Board has the authority to appoint officers and enter into the following resolutions on behalf of the Company and its wholly owned subsidiaries;

**WHEREAS**, upon a motion made by Mr. Alexander and seconded by Messrs. Miller and Gillett (with Mr. John Stoika abstaining) at the Meeting, the Board voted in favor of moving forward with and finalizing an agreement with The Claro Group, LLC ("Claro"), appointing Mr. Douglas J. Brickley to serve as the Chief Restructuring Officer ("CRO") of the Company and its wholly owned subsidiaries, Castex Energy 2005, LLC, Castex Energy Partners, LLC, and Castex Offshore, Inc. (together with the Company, each, a "Filing Entity" and collectively, the "Filing Entities");

**WHEREAS**, Mr. Brickley has served as the Filing Entities' CRO at all material times since his appointment by the Board in November 2020, subject to the terms of the Company's agreement with Claro;

**WHEREAS**, on or about November 20, 2020 Mr. John R. Stoika resigned from his position as a director on the Board of the Company and Castex Offshore, Inc., leaving Messrs. Alexander, Gillett, Sherrill and Miller as the only remaining directors of each of the respective boards;

**WHEREAS**, on February 6, 2021, upon motion made by Mr. Alexander and seconded by Mr. Miller, the Board unanimously voted in favor of forming a Special Committee of the Board (the "Special Committee") consisting of two independent directors, Messrs. Sherrill and Gillett, to engage in the solicitation, evaluation, negotiation, and general oversight of a potential restructuring transaction, including a potential filing under title 11 of the United States Bankruptcy Code (the "Bankruptcy Code");

**WHEREAS**, the Board and Special Committee have had the opportunity to consult with the Chief Restructuring Officer, Claro, and other advisors of the Company, has reviewed the materials presented by the parties regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Special Committee, after consideration, has recommended to the Board that the Company and its subsidiaries take the actions set forth herein, including filing petitions seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

**WHEREAS**, the Board of the Company and Castex Offshore, Inc., by unanimous written consent, have deemed it advisable and in the best interests of the Company, and its creditors, members, and other interested parties, that the Company and its subsidiaries, Castex Energy 2005, LLC, Castex Energy Partners, LLC, and Castex Offshore, Inc, file petitions seeking relief under

the provisions of chapter 11 of the Bankruptcy Code for the purpose of restructuring the Company's business affairs and effectuating an orderly liquidation of its assets;

**WHEREAS** Castex Energy 2005 Holdco, LLC, as the sole managing member of Castex Energy 2005, LLC, hereby authorizes, ratifies and adopts these resolutions, and all actions set forth herein, on behalf of Castex Energy 2005, LLC; and,

**WHEREAS** Castex Energy 2005, LLC, as the sole managing member of Castex Energy Partners, LLC hereby authorizes, ratifies and adopts these resolutions, and all actions set forth herein, on behalf of Castex Energy Partners, LLC.

## NOW, THEREFORE, BE IT:

*Chapter 11 Filings*

**RESOLVED**, that the Board, at the recommendation of the Special Committee, has determined that it is desirable and in the best interests of the Company, its equity holders, its creditors as a whole, and other parties in interest, that the Filing Entities file voluntary petitions for relief (the "Petitions") and commence cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes, directs, empowers and appoints Douglas J. Brickley, including his authorized agent(s) and/or delegate(s) (the "Authorized Representative"), as the Filing Entities' authorized representative and Chief Restructuring Officer, to act in the name and on behalf of the Filing Entities, to: (i) execute and verify the Petitions as well as all other ancillary documents, and to cause the Petitions to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof any modifications to the Petitions or ancillary documents; (ii) execute, verify, and file or cause to be filed all of the petitions, schedules, lists, motions, applications, and other papers or documents advisable, appropriate, convenient, desirable or necessary in connection with the foregoing; and (iii) to conduct the restructuring and execute all documents or papers necessary or desirable to effectuate the proposed restructuring;

*Retention of Professionals*

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and directs the Authorized Representative, in the name and on behalf of each of the Filing Entities, to employ any individual and/or firm as counsel, professionals, consultants, financial advisors or investment bankers to the Filing Entities as the Authorized Representative may deem advisable, appropriate, convenient, desirable or necessary to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code and any other applicable law;

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and directs the Authorized Representative, in the name and on behalf of each of the Filing Entities, to employ The Claro Group, LLC, as financial advisors, to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and

to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, the Authorized Representative is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of The Claro Group, LLC;

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and directs the Authorized Representative, in the name and on behalf of each of the Filing Entities, to employ the law firm of Okin Adams LLP, as general bankruptcy counsel to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Representative, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Okin Adams LLP;

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and directs the Authorized Representative, in the name and on behalf of each of the Filing Entities, to employ the law firm of Thompson & Knight LLP, as special counsel and conflicts counsel to the Filing Entities and to take any and all actions to advance the Filing Entities' rights and obligations as more fully set forth in their engagement agreement; and in connection therewith, the Authorized Representative, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Thompson & Knight LLP;

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and directs the Authorized Representative, in the name and on behalf of each of the Filing Entities, to employ the firm of Donlin, Recano & Company, Inc. as notice, claims, and balloting agent to represent and assist the Filing Entities in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Filing Entities' rights and obligations; and in connection therewith, the Authorized Representative, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Donlin, Recano & Company, Inc.;

*General Resolutions*

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and empowers the Authorized Representative, in the name and on behalf of each of the Filing Entities (in addition to the specific authorizations heretofore conferred upon the Authorized Representative), to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Representative's judgment, shall be necessary, appropriate, desirable, or proper in order to fully carry out the intent and accomplish the purposes of these resolutions adopted herein;

**FURTHER RESOLVED**, that the Board and Special Committee have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of any of the Filing Entities, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and approves the Filing Entities' use of cash collateral in the Chapter 11 Cases;

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby in all respects approves, confirms and ratifies as the true acts and deeds of the Filing Entities, all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name and on behalf of the Filing Entities, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and,

**FURTHER RESOLVED**, that the Board, at the recommendation of the Special Committee, hereby authorizes and empowers the Authorized Representative to take all actions or to not take any action in the name of and on behalf of the Filing Entities with respect to the transactions contemplated by these resolutions hereunder as the Authorized Representative shall deem necessary, appropriate, desirable, or proper in such Authorized Representative's reasonable business judgment as may be necessary, appropriate, desirable, or proper to effectuate the purposes of the transactions contemplated herein.

\* \* \*

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Castex Energy 2005 Holdco, LLC** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.**  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **February 26, 2021**     X **/s/ Douglas J. Brickley**
Signature of individual signing on behalf of debtor

**Douglas J. Brickley**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Official Form 202     **Declaration Under Penalty of Perjury for Non-Individual Debtors**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

<u>Official Form 204</u>
**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest**

**26-Feb**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CASTEX ENERGY, INC. 333 N. SAM HOUSTON PWKY. EAST, SUITE #1060 HOUSTON, TX 77060 | | Trade | Contingent, Disputed | | | $ 9,152,235.76 |
| 2 | SHORE OFFSHORE SERVICES, LLC 20333 STATE HWY 249, STE. 200, HOUTON, TX 77070 | cody@shoreoffshore.com | Trade | | | | $ 2,002,882.37 |
| 3 | WALTER OIL & GAS CORPORATION P.O. BOX 301007, DALLAS, TX 75303-1007 | | Trade | | | | $ 1,524,541.73 |
| 4 | FIELDWOOD ENERGY LLC 2000 W SAM HOUSTON PARKWAY, SUITE 1200, HOUSTON, TX 77042 | shane.smith@fwellc.com | Trade | | | | $ 383,220.70 |
| 5 | W & T OFFSHORE, INC. DEPT. 611, P.O. BOX 4346, HOUSTON, TX 77210-4346 | | Trade | | | | $ 247,588.52 |
| 6 | TEXAS PETROLEUM INVESTMENT COMPANY 5850 SAN FELIPE, SUITE 250, HOUSTON, TX 77057 | | Trade | | | | $ 186,084.76 |
| 7 | PETRA CONSULTANTS, INC. 201 RUE IBERVILLE, SUITE 400, LAFAYETTE, LA 70508 | amay@petracon.com | Trade | | | | $ 181,905.49 |
| 8 | RC LOGISTICS, LLC P.O. BOX 160, LAROSE, LA 70373 | | Trade | | | | $ 154,324.40 |
| 9 | WOOD GROUP PSN, INC. P.O. BOX 301415, DALLAS, TX 75303-1415 | | Trade | | | | $ 134,469.71 |
| 10 | DANOS, LLC 3878 WEST MAIN STREET, GRAY, LA 70359 | | Trade | | | | $ 133,406.52 |
| 11 | EXPEDITORS & PRODUCTION SERVICES CO, INC P.O. BOX 80644, LAFAYETTE, LA 70598 | | Trade | | | | $ 128,428.23 |
| 12 | ISLAND OPERATING COMPANY, INC. DEPT 3998, PO BOX 123998, DALLAS, TX 75312-3998 | | Trade | | | | $ 127,085.31 |
| 13 | BARRY GRAHAM SERVICE, L.L.C. P.O. BOX 982, BAYOU BATRE, AL 36509 | jobeth@bgos.net | Trade | | | | $ 124,762.55 |
| 14 | UPSTREAM INSURANCE BROKERS 2020 N. MEMORIAL WAY, HOUSTON, TX 77007 | | Insurance | | | | $ 112,631.40 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | **CROSBY ENERGY SERVICES** P.O.BOX 1489, LAROSE, LA 70373 | smatherne@crosbyenergy.com | Trade | | | | $ 110,636.89 |
| 16 | **OFFSHORE MARINE CONTRACTORS, INC.** 133 WEST 113TH STREET, CUT OFF, LA 70345 | | Trade | | | | $ 100,665.00 |
| 17 | **PETROLEUM SOLUTIONS INTERNATIONAL, LLC** P.O. BOX 52285, LAFAYETTE, LA 70505-2285 | | Trade | | | | $ 97,325.70 |
| 18 | **JOHN W STONE OIL DIST., LLC** DEPT 322, PO BOX 4869, HOUSTON, TX 77210-4869 | | Trade | | | | $ 93,250.63 |
| 19 | **AMPOL** 401 WEST ADMIRAL DOYLE, NEW IBERIA, LA 70560 | | Trade | | | | $ 91,480.00 |
| 20 | **DIVERSE SAFETY AND SCAFFOLDING, LLC** 4308 WEST HIGHWAY 90, NEW IBERIA, | flasseigne@diversesafetyscaffold.com | Trade | | | | $ 90,914.53 |
| 21 | **ARCHROCK PARTNERS OPERATING LLC** PO BOX 201160, DALLAS, TX 75320-1160 | | Trade | | | | $ 71,786.26 |
| 22 | **RLC, LLC** 430 NORTH EOLA ROAD, BROUSSARD, LA 70518 | | Trade | | | | $ 53,361.64 |
| 23 | **UNITED PRODUCTION & CONSTRUCTION SERVICES INC** 4110 COTEAU RD, NEW IBERIA, LA 70560 | | Trade | | | | $ 45,644.48 |
| 24 | **ESSI CORPORATION** 200 CUMMINGS RD, BROUSSARD, LA 70518 | acormier@essicorp.com | Trade | | | | $ 45,034.00 |
| 25 | **AMERICAN EAGLE LOGISTICS** PO BOX 896829, CHARLOTTE, NC 28289-6829 | | Trade | | | | $ 38,709.67 |
| 26 | **DATASITE LLC** 733 S MARQUETTE AVE., SUITE 600, MINNEAPOLIS, MN 55402 | service@merrillcorp.com | Trade | | | | $ 34,848.56 |
| 27 | **SAFETY CONTROLS, INC.** 410 COMMERCIAL PKWY, BROUSSARD, LA 70518 | ann.colonna@rig.net | Trade | | | | $ 29,083.40 |
| 28 | **A-PORT LLC** 100 COMMISSION BLVD, LAFAYETTE, LA 70508 | lillyh@a-portllc.com | Trade | | | | $ 28,783.97 |
| 29 | **FLUID CRANE & CONSTRUCTION, INC.** PO BOX 386, ABBEVILLE, LA 70511 | jrenard@fluidcrane.com | Trade | | | | $ 27,870.48 |
| 30 | **SEATRAX INC.** 218 GUNTHER LANE, BELLE CHASSE, LA 70037 | | Trade | | | | $ 26,445.39 |