

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/02/2021

| In re: | § | |
|---|---|---|
| | § | Case No. 21-30710 |
| **CASTEX ENERGY 2005 HOLDCO, LLC**, *et al.*, | § § | |
| | § | Chapter 11 |
| | § | |
| Debtors. | § | (Jointly Administered) |

**ORDER (I) AUTHORIZING PAYMENT OF LEASE OPERATING
COSTS AND EXPENSES; (II) AUTHORIZING PAYMENT OF PREPETITION
CRITICAL THIRD-PARTY VENDORS; (III) AUTHORIZING FINANCIAL
INSTITUTIONS TO RECEIVE, PROCESS, HONOR, AND PAY ALL CHECKS
PRESENTED FOR PAYMENT AND TO HONOR ALL FUNDS TRANSFER REQUESTS
RELATED TO SUCH OBLIGATIONS; AND (IV) GRANTING RELATED RELIEF**
**(Relates to ECF # 12)**

The Court considered the *Emergency Motion for Entry of an Order (I) Authorizing Lease Operating Costs and Expenses; (II) Authorizing Payment of Prepetition Critical Third-Party Vendors; (III) Authorizing Financial Institutions to Receive, Honor, Process and Pay All Checks Presented for Payment and to Honor All Funds Transfer Requests Related to Such Obligations; and (IV) Granting Related Relief* (the "Motion"),[1] filed by Castex Energy 2005 Holdco, LLC, *et al.*, the above-captioned debtors and debtors in possession (the "Debtors"). The Court, having reviewed the Motion and any objections thereto; and based on the matters reflected in the record of the hearing held on the Motion; it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); that notice of the Motion was sufficient; and it appearing that the emergency relief requested is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and that good

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

cause has been shown therefore, finds that the Motion should be GRANTED. It is therefore hereby **ORDERED** that:

1. The Debtors are authorized, but not directed, pursuant to sections 105(a), 363(b), and 541 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Bankruptcy Local Rules 4002-1 and 9013-1 to: (i) pay and satisfy the Lease Operating Costs and Expenses, relating to the period before the Petition Date up to $1 million in total payment; and (ii) continue to honor, satisfy, and dispute Lease Operating Costs and Expenses incurred in the ordinary course of business post-petition.

2. The Debtors are authorized, but not directed, to pay prepetition Critical Third-Party Vendor Expenses, up to a cap of $1.3 million, to Critical Third-Party Vendors that the Debtors deem, in their business judgment, to be critical to their operations, subject to the terms and provisions of any Cash Collateral Order (defined below).

3. The Debtors are authorized, but not directed, to require that, as a condition to receiving any payment under this Order, a payee maintain or apply, as applicable, terms during the pendency of these Chapter 11 Cases that are at least as favorable as those terms existing as of the Petition Date or otherwise satisfactory to the Debtors ("Customary Terms"). If a payee, after receiving a payment under this Order, ceases to provide Customary Terms, then the Debtors may, in their sole discretion, deem such payment to apply instead to any post-petition amount that may be owing to such payee or treat such payment as an avoidable post-petition transfers.

4. If any party accepts payment on behalf of a claim for a Lease Operating Cost or Expense or a Critical Third-Party Vendor Expense, and such claim is determined by the Court after notice and hearing (i) in the case of Lease Operating Cost or Expense or a Critical Third-Party Vendor Expense, not to give rise to a statutory or contractual lien, the Debtors are authorized, but

not directed, to avoid such payment as a post-petition transfer under section 549 of the Bankruptcy Code, and the party who had accepted such payment shall be required to immediately repay to the Debtors any payment made to it on account of its asserted claim to the extent the aggregate amount of such payments exceeds the post-petition obligations then outstanding, without the right of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise. Upon recovery of such payments by the Debtors, the obligation shall be reinstated as a prepetition claim in the amount so recovered.

5. The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date. On or before the date that is thirty (30) days from entry of this Order, the Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, the Prepetition Secured Parties, and any statutory committee appointed in these Chapter 11 Cases. Thereafter, the Debtors shall attach a copy of such matrix/schedule to their monthly operating reports filed in the Chapter 11 Cases containing the same information set forth above. Parties in interest shall then have fourteen (14) calendar days to file written objections to Critical Third-Party Vendor status or any payment made by the Debtors pursuant to this Order. If the objection is sustained, the Critical Third-Party Vendor may be required to disgorge any such payments.

6. Nothing herein shall impair or prejudice the rights of the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases, which are expressly reserved, to object to any payment made pursuant to this Order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or an affiliate of an insider, of the Debtors.

3

7. The Banks are authorized to receive, process, honor, and pay any and all checks issued, or to be issued, and electronic funds transfers requested, or to be requested, by the Debtors relating to the Obligations, to the extent that sufficient funds are on deposit and available in the Debtors' applicable bank accounts to cover such payments. The Banks are authorized to accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

8. The Debtors are further authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these Chapter 11 Cases with respect to any prepetition amounts that are authorized to be paid pursuant to this Order.

9. Nothing in this Order shall be deemed: (i) an admission as to the amount of, basis for, or validity of any claim against any of the Debtors; (ii) an impairment or waiver of the Debtors' or any other party in interest's right to dispute any claim against, or interest in, any Debtor, its property or its estate; (iii) a promise or requirement to pay any prepetition claim; (iv) a waiver of any claims or causes of action which may exist against any person or entity; (v) an assumption, adoption, or rejection or any agreement, contract, or lease under section 365 of the Bankruptcy Code; (vi) an implication or admission that any particular claim of a type specified or defined in the Motion, or any order granting the relief requested by the Motion; (vii) an implication, admission, or finding as to (a) the validity, enforceability, or perfection of any interest or encumbrance on the property of any Debtor or its estate or (b) the applicability of any exception or exclusion from property of the estate under section 541 of the Bankruptcy Code or other

4

applicable law; (viii) an impairment or waiver of any claims or causes of action which may exist against any entity; or (ix) a waiver of any Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

10. Notwithstanding anything contained in the Motion or this Order, any payment authorized to be made by the Debtors herein shall be subject to the terms and conditions contained in any interim and/or final orders authorizing the use of cash collateral (the "Cash Collateral Order"), including, without limitation, any budgets in connection therewith, and to the extent there is any inconsistency between the Cash Collateral Order and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order shall control.

11. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

12. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: March 02, 2021

Marvin Isgur
United States Bankruptcy Judge