ENTERED
05/10/2021

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**CASTEX ENERGY 2005 HOLDCO, LLC et al.,**<br><br>Debtors. | Chapter 11<br><br>Case No. 21-30710 (MI)<br><br>Jointly Administered |

**STIPULATED ORDER GOVERNING THE PRODUCTION AND/OR DISCLOSURE
OF CONFIDENTIAL DOCUMENTS AND DISCOVERY MATERIALS
PRODUCED BY CAPITAL ONE, NATIONAL ASSOCIATION**

This Stipulated Order (the "Stipulation") is entered into by and among (i) the Official Committee of Unsecured Creditors of Castex Energy 2005 Holdco, LLC et al. (the "Committee"), (ii) Capital One, National Association ("Capital One"), (iii) and any other persons or entities who become bound by this Stipulation by signifying their assent through execution of Exhibit A hereto (each individually, a "Party," and, collectively, the "Parties").

**WHEREAS**, the Committee filed an objection to the Debtors' disclosure statement, thereby giving rise to a contested matter with respect to approval of the disclosure statement (the "Contested Matter");

**WHEREAS**, the Parties anticipate that Capital One will produce certain documents and information pursuant to a subpoena issued in connection with the Contested Matter;

**WHEREAS**, the Parties recognize that this production of documents and information may require Capital One to divulge information that a Party or non-party considers to be confidential including, but not limited to, financial, proprietary, and commercially sensitive information regarding the Party or non-party and its businesses; and

**WHEREAS**, the Parties seek to facilitate the prompt resolution of disputes over

confidentiality and to prevent the disclosure and use of Discovery Materials (as defined herein) except as set forth herein;

**NOW, BASED ON THE FOREGOING, IT IS AGREED:**

1. This Stipulation governs the handling of all documents, information, data, testimony, and other materials produced or disclosed by Capital One pursuant to any subpoena issued connection with the Contested Matter ("Discovery Materials").

2. "Producing Party" shall mean a Party that produces Discovery Materials.

3. "Receiving Party" shall mean a Party that receives Discovery Materials.

4. "Designating Party" shall mean a Producing Party that designates Discovery Materials as "Confidential" in accordance with the provisions set forth herein.

5. All deadlines stated herein shall be computed pursuant to Federal Rule of Bankruptcy Procedure 9006.

6. Subject to paragraph 22 hereof, all Discovery Materials, whether or not designated as Confidential in accordance with provisions set forth herein, shall be used by the Receiving Parties solely for purposes of the Contested Matter, and only to the extent reasonably necessary to accomplish the purpose for which disclosure is made, and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

7. Nothing contained herein shall be deemed a waiver of any designation of, or objection to the designation of, any documents, information, or data as Confidential.

8. Confidential Discovery Materials are materials that contain (a) trade secret or other confidential research, development, or commercial information protected by Rule 9018 of the Federal Rules of Bankruptcy Procedure, (b) information subject by law or by contract to a legally

protected right of privacy, (c) information that the Producing Party is legally obligated by law or contract to keep confidential, as reasonably determined by the Producing Party, or (d) information that the Producing Party would not normally and reasonably reveal to third parties except in confidence or has undertaken with others to maintain in confidence, and any reproductions, excerpts, summaries, abstracts or other materials derived in whole or in part from such information or which paraphrase, excerpt or contain such information.

9. A Producing Party who reasonably and in good faith believes that Discovery Materials are Confidential may so designate the Discovery Materials as follows:

    a. By imprinting the term Confidential on each page of any document produced that is so designated or, in the case of a document or information produced in native format, on an accompanying production page;

    b. By imprinting the term Confidential next to or above any response to a written discovery request such as an interrogatory; and

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions (and exhibits thereto) as Confidential no later than seven (7) calendar days after receipt of the final transcript of a deposition, or by orally designating such testimony as Confidential on the record at the deposition or other proceeding at which it is given. Until the seven (7) calendar-day period expires, all transcribed testimony shall be treated as Confidential. The Party making the designation shall be responsible for ensuring that those portions of the deposition transcript designated as Confidential are appropriately marked and sealed by the reporter.

10. Discovery Materials previously designated Confidential that are marked as exhibits during a deposition shall be treated accordingly by the Parties.

11. The Producing Party's inadvertent failure to designate any Discovery Materials as Confidential shall not be deemed a waiver of the Producing Party's later claim that such Discovery Materials are Confidential and such Producing Party may designate such Discovery Materials as Confidential pursuant to this Stipulation at any time thereafter. All previously produced copies of such Discovery Materials that were mis-designated shall be destroyed by the Receiving Party or Parties upon receipt of replacement copies of such Discovery Materials with the proper

designation.

12. Discovery Materials designated Confidential, and any and all information contained within those Discovery Materials, may be disclosed only to the following persons:

    a. Outside counsel of record for the Parties and employees of such attorneys or their firms involved in the Contested Matter, including service providers, such as electronic discovery vendors, graphic services, printing and document duplicating or management services;

    b. In-house counsel of the Parties;

    c. Officers, directors, and employees of Parties who are actively engaged in assisting counsel with the Contested Matter;

    d. To the extent disclosure is not authorized under another subparagraph, witnesses and potential witnesses who have been noticed or subpoenaed for testimony in connection with the Contested Matter, other than experts, provided there is a reasonable basis to believe that the witnesses or potential witnesses may give relevant testimony regarding the Confidential Discovery Materials. The witness shall be informed that this Stipulation restricts the disclosure of the Confidential Discovery Materials, that he or she may consider and/or use such Discovery Materials only for purposes of preparing to testify or testifying for purposes of the Contested Matter and not for any other purpose, and that he or she is subject to the Bankruptcy Court's jurisdiction for purposes of enforcing this Stipulation. Subject to paragraph 22 hereof, no individual who is shown Discovery Materials designated Confidential pursuant to this subsection shall be permitted to retain or keep copies of such Discovery Materials or to view them outside the presence of counsel, unless permitted by some other provision of this Stipulation to do so. Before Discovery Materials designated as Confidential are disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A hereto;

    e. With respect to particular documents or data designated as Confidential, any individual indicated on the face of the document as its author, addressee, or other recipient, or any other sender/transmitter or recipients of the document or data;

    f. Independent experts or consultants retained by a Party in connection with the Contested Matter, and the employees of such experts or consultants (or the employees or members of any firm through which the expert or consultant is performing work for purposes of the Contested Matter), provided that such experts or consultants are not employed by an actual competitor or business counterparty of the Producing Party, or retained on separate matters adverse to the interests of the Producing Party, at the time of disclosure. "Independent" for purposes of this subparagraph refers to a person who is not otherwise employed by, is not an officer or director of, and does not have an ownership interest in the Party by which he or she is retained in connection with the Contest Matter. A person is "employed by" a Party if that person is on the regular payroll of the Party or an affiliate of the Party. Before Discovery Materials designated as Confidential are disclosed to any individual under this subparagraph, the individual must sign an affidavit in the form of Exhibit A hereto;

g.   The Bankruptcy Court and the Bankruptcy Court's personnel working on the Contested Matter (absent further order of the Bankruptcy Court that may be made respecting confidentiality of materials presented in Bankruptcy Court);

h.   Court reporters, videographers, and their clerical personnel in connection with work relating to the Contested Matter; and

i.   Such other persons as the Parties may agree upon in writing or as ordered by the Bankruptcy Court.

13.   All individuals authorized to review Confidential Discovery Materials pursuant to this Stipulation shall hold said Confidential Discovery Materials in confidence and shall not divulge them, either verbally or in writing, to any other person, entity, or government agency, except to the extent permitted by paragraph 12, unless authorized to do so by court order or, subject to paragraph 23, as required by subpoena, and shall not directly or indirectly consult, review, consider, or make any use whatsoever of such Discovery Materials for any purpose other than in compliance with paragraph 6 above.

14.   All Parties shall, and shall cause their agents, employees, controlling persons, consultants, advisors, accountants, and legal counsel (collectively, the "Representatives") authorized to receive Discovery Materials designated as Confidential in compliance with paragraph 12 above, to use the Discovery Materials solely in a manner consistent with this Stipulation and make all reasonably necessary efforts to safeguard Discovery Materials designated Confidential from disclosure to anyone other than as permitted hereby. The Parties agree that Representatives who are given access to Confidential Discovery Materials will be instructed that such persons and the Parties are bound by the terms of this Stipulation.

15.   If a Party objects to the designation of certain Discovery Materials as Confidential, the Party shall so inform the Producing Party in writing, stating the grounds for the objection, as soon as practicable, but no later than five (5) business days before the anticipated date of use of the objected-to Confidential Discovery Materials in pleadings, depositions, hearings, or written

5

discovery. Counsel for the Producing Party shall have five (5) business days from the date of receipt of the written objections to attempt to resolve the dispute in good faith and on an informal basis. If after such good faith attempt the dispute remains unresolved, the Party opposing the designation may move for an order requiring de-designation or re-designation of the Confidential Discovery Materials in dispute. In the event of such a motion, the Producing Party shall bear the burden of proving that the Discovery Materials at issue may be designated as Confidential. All information shall continue to have its designated status as Confidential and any use of such information in any pleadings, depositions, hearings, or written discovery shall remain subject to the restrictions and requirements set forth in this Stipulation, from the time it is produced until entry of an order by the Bankruptcy Court requiring de-designation or re-designation of the Confidential Discovery Materials or unless otherwise agreed by the Producing Party.

16. All pleadings, motions, briefs, memoranda, and related submissions containing Confidential Discovery Materials shall be filed under seal, pursuant to the applicable rules governing filings under seal in the Bankruptcy Court, except that a Producing Party may, at its option, publicly file any such materials containing its own Confidential Discovery Materials. Redacted copies of any under seal filings shall be filed pursuant to the applicable rules governing filings under seal in the Bankruptcy Court.

17. Nothing in paragraph 16 of this Stipulation shall be construed to limit or prohibit the right of any entity or individual having the requisite standing to challenge a designation of any Discovery Materials as Confidential under the procedures set forth in paragraph 15 above. Accordingly, all Confidential Discovery Materials must be filed under seal pursuant to the procedure set out in paragraph 16 unless and until such time as the Bankruptcy Court has ruled that such Discovery Materials are not Confidential.

18. In the event of a disclosure by a Receiving Party of Confidential Discovery Materials to persons or entities not authorized by this Stipulation to receive such Discovery Materials, the Receiving Party making the disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Confidential Discovery Materials subject to this Stipulation; (ii) immediately make reasonable efforts to recover the disclosed Discovery Materials as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the Producing Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Discovery Materials and ensure against further dissemination or use of thereof. Disclosure of Confidential Discovery Materials other than in accordance with the terms of this Stipulation will subject the Receiving Party to such remedies as the Bankruptcy Court may deem appropriate. Nothing in this Stipulation shall affect the rights of any Party, during discovery proceedings, hearings, trial, or any other proceedings before a court, to object to the production or admission as evidence of any Confidential Discovery Materials.

19. The termination or resolution of the Contested Matter shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Discovery Materials pursuant to this Stipulation, and the Bankruptcy Court shall retain continuing jurisdiction to enforce the terms of this Stipulation.

20. Upon termination or resolution of the Contested Matter, including any appeals, each Party shall within sixty (60) days return to the Producing Party all Confidential Discovery Materials provided subject to this Stipulation, and all extracts, abstracts, charts, summaries, notes, or copies made therefrom, or shall, at such Party's option, destroy all such Discovery Materials,

and all extracts, abstracts, charts, summaries, notes, and copies made therefrom, and shall certify in writing to the Producing Party that such destruction has been accomplished. However, the Party's outside litigation counsel shall be allowed to keep a complete set of all pleadings, court filings, discovery responses, transcripts, exhibits used in depositions or court, correspondence, and the attorney's work product, even if those documents include reference to or inclusion of Confidential Discovery Materials ("Attorney's File"), unless the Producing Party objects within thirty (30) days of the termination or resolution of the Contested Matter to the outside litigation counsel's retention of any portion of the Attorney's File. The Parties shall agree to confer regarding any such objection and, in the event that it is not resolved by consent, shall bring it to the attention of the Bankruptcy Court for resolution. In any event, such Attorney's File shall continue to be subject to the restrictions of this Stipulation. The Producing Party shall bear the burden of proving that the objection should be sustained.

21. The requirement to return or destroy Discovery Materials marked as Confidential outlined in paragraph 20 shall not require a Party, including its counsel, to search through emails and email attachments (or any archives or backups thereof), except to the extent that counsel has an email folder dedicated to storing Confidential Discovery Materials. The obligations not to use and not disclose Confidential Discovery Materials contained therein (including in emails, email attachments, archives or backups, for example) shall continue in force and counsel will continue to be subject to the restrictions of this Stipulation with respect to any residual email materials.

22. Nothing in this Stipulation shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Confidential Discovery Materials; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in the Contested Matter,

whether or not such documents, materials, or information are also obtained through discovery in the Contested Matter; (c) preclude the Parties to this Stipulation from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidential Discovery Materials; (d) preclude any Party from filing a motion seeking greater, more limited, or different protection from the Bankruptcy Court under applicable procedural rules; or (e) preclude any Party from filing a motion with respect to the manner in which Confidential Discovery Materials shall be treated at trial in connection with the Contested Matter.

23. Should a Party to this Stipulation receive a subpoena or other process to disclose Confidential Discovery Materials, that Party shall provide notice at least five (5) business days prior to production of any such Discovery Materials, in writing, and a copy of such subpoena or other process, to the Producing Party. To the extent it is impossible to provide notice to the Producing Party at least five (5) business days in advance of production, the Party shall provide notice as far in advance as practicable prior to production. The Party receiving the subpoena or other process shall defer compliance with the subpoena or other process if the Producing Party has timely moved to quash or modify the subpoena or other process, until such time as there is a final order. The Party receiving such subpoena or other process shall also advise the person or entity who has served the subpoena or other process of this Stipulation.

24. All notices given by counsel for one Party to counsel for another Party under this Stipulation shall be delivered by electronic mail.

25. If any Party discloses Discovery Material designated Confidential to a recipient such that said recipient would be required, per the terms set forth herein, to execute an affidavit in the form of Exhibit A hereto, counsel for the Party making the disclosure shall retain an executed copy of such affidavit but need not file it with the Bankruptcy Court.

26. The failure to designate Discovery Materials as Confidential shall not constitute a waiver of any claim outside of the Contested Matter that such Discovery Materials contain trade secrets or proprietary business information, or are otherwise Confidential.

27. Nothing in this Stipulation shall prevent or otherwise restrict counsel from rendering advice to their clients in the Contested Matter and, in the course thereof, relying on examination of Confidential Discovery Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

**IT IS SO STIPULATED AND AGREED:**

Dated: April 30, 2021

| | |
|---|---|
| /s/ Matthew L. Warren<br>Matthew L. Warren (Tex. Bar No. 24119154)<br>**KING & SPALDING LLP**<br>110 N Wacker Drive, Suite 3800<br>Chicago, IL 60606<br>Telephone: (312) 995-6333<br>Email: mwarren@kslaw.com<br>*Counsel for Capital One,*<br>*National Association* | /s/ P. Douglas Stewart, Jr.<br>Paul D. Stewart, Jr. (La. Bar No. 24661)<br>William S. Robbins (Tex. Bar No. 24100894)<br>Brandon A. Brown (Tex. Bar No. 24104237)<br>**STEWART ROBBINS BROWN &**<br>**ALTAZAN, LLC**<br>Baton Rouge, LA 70801-0016<br>Telephone: (225) 231-9998<br>dstewart@stewartrobbins.com<br>wrobbins@stewartrobbins.com<br>bbrown@stewartrobbins.com<br>*Proposed Counsel for the Official Committee*<br>*of Unsecured Creditors of Castex Energy*<br>*2005 Holdco, LLC*<br><br>-and-<br><br>Tom A. Howley (Tex. Bar No. 24010115)<br>Eric Terry (Tex. Bar No. 00794729)<br>**HOWLEY LAW PLLC**<br>Pennzoil Place – South Tower<br>711 Louisiana St., Suite 1850<br>Houston, Texas 77002<br>Telephone: 713-333-9125<br>tom@howley-law.com<br>eric@howley-law.com<br>*Proposed Local Counsel for the Official*<br>*Committee of Unsecured Creditors of Castex*<br>*Energy 2005 Holdco, LLC* |

**THE FORGOING STIPULATION IS SO ORDERED**

Signed: May 10, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

# ATTACHMENT A

1. My name is _____

2. I reside at _____.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I have been engaged as _____ on behalf of _____ in connection with *In re Castex Energy 2005 Holdco, LLC et al.*, No. 21-30710 (MI) (Bankr. S.D. Tex.).

6. I acknowledge that I have read and understand the Stipulation Governing the Production and/or Disclosure of Confidential Documents and Discovery Materials ("Stipulation") governing the non-disclosure of "Confidential Discovery Materials," as defined therein. I agree to comply with and be bound by all the provisions of the Stipulation. I agree that I will not disclose such Confidential Discovery Materials to anyone other than as permitted by the Stipulation, and that at the conclusion of this proceeding I will return all Confidential Discovery Materials to the person from whom I received the materials. By acknowledging these obligations under the Stipulation, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of Texas for the purpose of any issue or dispute arising hereunder.

By: _____

Executed on _____