United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 26, 2024
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 21-30710 (MI) |
| **CASTEX ENTERGY 2005 HOLDCO** | § | |
| **LLC**, *et al.*, | § | Chapter 11 |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

### JOINT STIPULATION AND AGREED ORDER WITHDRAWING APACHE CORPORATION'S PROOF OF CLAIM NUMBER NUMBERS 117, 118, 119, AND 120

Thomas Thompson, solely in his capacity as the liquidating trustee (the "Liquidating Trustee") for the Castex Liquidating Trust (the "Liquidating Trust") and pursuant to the *Fourth Amended Joint Chapter 11 Plan* (the "Plan")[2] as confirmed and modified by the *Order Confirming the Fourth Amended Joint Chapter 11 Plan* (the "Confirmation Order")[3] and that certain *Liquidating Trust Agreement* (the "Trust Agreement"),[4] and Apache Corporation ("Apache" or "Claimant," and together with the Liquidating Trustee, the "Parties") respectfully submit this proposed stipulation and agreed order (the "Stipulation and Order") as set forth herein:

### The Apache Litigation and Castex I

a. In 2015, Apache initiated Cause No. 2015-48580 in the 133rd Judicial District Court of Harris County, Texas by filing suit against Castex Offshore, Inc., Castex Energy, Inc.,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Castex Energy 2005 Holdco, LLC (6832); Castex Energy 2005, LLC (6832); Castex Energy Partners, LLC (6832); and Castex Offshore, Inc. (8432). The Debtors' mailing address is One Memorial City Plaza, 800 Gessner Rd., Suite 925, Houston, Texas 77024. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Fourth Amended Joint Chapter 11 Plan*.
[2] Case No. 21-30710, Doc. No. 307.
[3] Case No. 21-30710, Doc. No. 324.
[4] Case No. 21-30710, Doc. No. 342-1.

1

Castex Energy Partners, L.P., Castex Energy 2008, L.P., and Castex Energy Development Fund, L.P. (the "Apache Litigation").

b.   On October 16, 2017, Castex Energy Partners, L.P., Castex Offshore, Inc., Castex Energy 2005, L.P., Castex Energy II, LLC, and Castex Energy IV, LLC (collectively, the "Prior Debtors") each filed voluntary petitions (the "Prior Bankruptcy Cases") for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Prior Bankruptcy Cases were jointly administered under Case No. 17-35835[5] as a complex chapter 11 case (the "Initial Bankruptcy").[6]

c.   On December 20, 2017, Apache filed proof of claim number 83 asserting a contingent, unliquidated secured claim in the amount of $18,457,588.00, and thereafter filed proof of claim number 101 on January 4, 2018, asserting a contingent, unliquidated unsecured claim in the same amount (collectively, the "Apache Claims"), both of which assert amounts stemming from the Apache Litigation.[7]

d.   On February 27, 2018, the Court entered an order (the "2018 Confirmation Order") confirming the *Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "2018 Plan," and together with the "2018 Confirmation Order," and the "2018 Documents")[8] which became effective on March 14, 2018 (the "2018 Effective Date").[9] Among other things, the 2018 Plan:

---

[5] Case No. 17-35835, Doc. No. 15.
[6] Case No. 17-35835, Doc. No. 30.
[7] Case No. 17-35835, Doc. No. 557, at ¶ 13.
[8] Case No. 17-35835, Doc. No. 448.
[9] Case No. 17-35835, Doc. No. 481.

    (i)      restructured certain of the Prior Debtors;[10] and

    (ii)     created the General Unsecured Claims Cash Distribution Account (the "GUC Fund"), which the Reorganized Debtors held and funded with $750,000.00 to be distributed to "each Holder of an Allowed General Unsecured Claim[…]"[11]

    e.      The Reorganized Debtors disputed the Apache Claims and filed an objection (the "Objection") requesting the Bankruptcy Court deem the Apache Litigation as the procedural vehicle to liquidate the Apache Claims and order "that entry of a final order by the applicable Texas state court, shall be determinative of the amount of the Apache Claims…if any."[12]

    f.      On August 27, 2018, the Bankruptcy Court entered an order granting the Objection, stating:

> The Apache Claims are Allowed in an amount to be determined under the Apache Litigation, or by agreement between the Reorganized Debtors and Apache. The Apache Litigation is deemed to be the procedural vehicle for liquidation of the disputed proofs of claims of Apache, and entry of a final order in the Apache Litigation, shall be determinative of the amount of the Apache Claims, or an agreement between the Reorganized Debtors and Apache subject to any notice requirements set forth in paragraph 14 of the [2018] Confirmation Order. Upon a resolution of the Apache Litigation, whether by agreement or by entry of a final order, the Reorganized Debtors shall amend the claims register to include the liquidated amount of the Apache Claims.[13]

    g.      The Prior Bankruptcy Cases were closed by the Court's final decree (the "Final

---

[10] Specifically, Castex Energy 2005 Holdco, LLC (the "Holdco") was formed to be a holding company for the reorganized Prior Debtors (or their predecessors); Castex Energy, II, LLC, and Castex Energy IV, LLC were merged into Castex Energy 2005, L.P., which was then converted to a limited liability company and renamed Castex Energy 2005, LLC ("Energy 2005") and "is the direct, wholly owned subsidiary" of Holdco; Castex Energy Partners, L.P., was converted to a limited liability company and renamed Castex Energy Partners, LLC, ("Energy Partners") and "is an indirect, wholly owned subsidiary" of Energy 2005. The organizational structure of Castex Offshore, Inc. ("Offshore") did not change following the 2018 Plan and 2018 Confirmation Order and "is an indirect, wholly owned subsidiary" of Holdco (collectively, Holdco, Energy 2005, Energy Partners and Offshore constitute the "Reorganized Debtors" or "Debtors"). *See* Case No. 21-30710, ECF No. 13 at ¶¶ 8-11.
[11] Case No. 17-35835, Doc. No. 448-1, at 9, 14, 24.
[12] Case No. 17-35835, Doc. No. 557.
[13] Case No. 17-35835, Doc. No. 600.

Decree") on August 31, 2018.[14]

### Castex II and The Apache Litigation's Conclusion

h.	Following trial in the Apache Litigation, a jury found in favor of Castex, and judgment was entered against Apache.[15] The Apache Litigation was appealed to the Fourteenth Court of Appeals under Cause No. 14-19-00605-CV.[16]

i.	Castex Energy 2005 Holdco, LLC, *et al.* (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code in the Bankruptcy Court on February 26, 2021 (the "Petition Date"). The bankruptcy cases were consolidated for procedural purposes only and have since been jointly administered under Case Number 21-30710 (the "Bankruptcy Case").[17]

j.	To support the Debtor's bankruptcy petitions and first day motions in connection with the Bankruptcy Case, the Chief Restructuring Officer, Douglas J. Brickley, submitted a declaration dated February 28, 2021 (the "Brickley Affidavit").[18] Per the Brickley Affidavit, "[t]he 2018 Plan has been fully consummated…with the exception of a claim by Apache [to the GUC Fund] and the claim to any residual funds by Allowed Section 510(b) Claims (as defined in the 2018 Confirmation Order)."[19]

k.	On March 1, 2021, the Bankruptcy Court authorized the Debtors to employ and retain Donlin, Recano & Company, Inc. ("Donlin Recano") as claims and noticing agent.[20]

l.	On March 2, 2021, the Bankruptcy Court entered an order setting the bar date for

---

[14] Case No. 17-35835, Doc. No. 614 (alteration to original).
[15] Case No. 21-30710, Doc. No. 13.
[16] Case No. 21-30710, Doc. No. 13.
[17] Case No. 21-30710, Doc. No. 18.
[18] Case No. 21-30710, Doc. No. 13.
[19] Case No. 21-30710, Doc. No. 13 (alterations to original).
[20] Case No. 21-30710, Doc. No. 21.

all non-governmental entities to file proofs of claim (and requests for payment under §§ 503(b)(1) or (b)(9)) as April 21, 2021 at 5:00 p.m. prevailing Central Time.

    m.    On April 23, 2021, Apache filed the following proofs of claims:

(i) Proof of claim number 117 against Castex Energy 2005 Holdco, LLC, which assets a claim in the amount of $20,036,261.01 as well as unknown, continent, and/or unliquidated amounts (a copy of which is attached hereto as **Exhibit** "**A**" and incorporated herein, the "Holdco Claim");

(ii) Proof of claim number 118 against Castex Energy 2005, LLC, which assets a claim in the amount of $20,036,261.01 as well as unknown, continent, and/or unliquidated amounts (a copy of which is attached hereto as **Exhibit** "**B**" and incorporated herein, the "CELL Claim");

(iii) Proof of claim number 119 against Castex Energy Partners, LLC, which assets a claim in the amount of $20,036,261.01 as well as unknown, continent, and/or unliquidated amounts (a copy of which is attached hereto as **Exhibit** "**C**" and incorporated herein, the "CEP Claim"); and

(iv) Proof of claim number 120 against Castex Offshore, Inc., which assets a claim in the amount of $20,036,261.01 as well as unknown, continent, and/or unliquidated amounts (a copy of which is attached hereto as **Exhibit** "**D**" and incorporated herein, the "COI Claim," and together with the CEP Claim, the CELL Claim, and Holdco Claim, the "Claims")

    n.    On May 11, 2021, the Fourteenth Court of Appeals modified the trial court's judgment in the Apache Litigation, but affirmed Castex was not liable for Apache's claims in the Apache Litigation.[21]

    o.    On June 7, 2021, the Bankruptcy Court entered the Confirmation Order confirming, as modified therein, the Plan, which became effective on June 30, 2021 (the "Effective Date").[22]

    p.    The Confirmation Order and Plan provided for the creation of the Liquidating Trust.

---

[21] *See Apache Corp. v. Castex Offshore, Inc.*, 626 S.W.3d 371 (Tex. App. 2021).
[22] Case No. 21-30710, Doc. No. 342.

q. On the Effective Date, the Debtors transferred the Liquidating Trust Assets (as defined in the Plan) to the Liquidating Trust.[23] Among the Liquidating Trust Assets are "the 2017 Chapter 11 Unsecured Creditor Reserve and all rights, including any residual rights to proceeds, relating thereto," i.e., the GUC Fund.[24] Per Art. III(L) of the Plan, "Distributions from the 2017 Chapter 11 Unsecured Creditor Reserve shall be made by the Liquidating Trustee in accordance with further orders of the Bankruptcy Court."

r. The Liquidating Trustee has since retained Donlin Recano's continued services.

s. On January 27, 2023, the Texas Supreme Court in Case No. 21-0533 denied the petitions for review of the judgment rendered by the Fourteenth Court of Appeals in the Apache Litigation,[25] and on April 21, 2023 denied a motion for rehearing.[26]

t. Pursuant to the Plan and Trust Agreement, the Liquidating Trustee has the authority to object to the Claims.

u. The Liquidating Trustee has identified the Claims as objectionable pursuant to 11 U.S.C. § 502, FED. R. BANKR. P. 3007, and/or the Plan.

v. The Liquidating Trustee and Apache agree to enter into the following stipulation to resolve the foregoing issues regarding the Claims, including any entitlement by Apache to the GUC Fund.

w. By this Stipulation and Order, the Parties hereby agree to the terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED UPON THE BANKRUPTCY COURT APPROVING THIS STIPULATION, THE FOLLOWING IS SO**

---

[23] Plan, at Art. IV(A).
[24] Plan, at Art. I(A).
[25] *Castex Energy Partners, LLC v. Apache Corp.*, No. 21-0533, 2023 Tex. LEXIS 68, at *1 (Jan. 27, 2023).
[26] *Castex Energy Partners, LLC v. Apache Corp.*, No. 21-0533, 2023 Tex. LEXIS 358, at *1 (Apr. 21, 2023).

**ORDERED**:

1. The Claims are hereby withdrawn with prejudice.

2. Apache holds no claim to, right, or interest in the GUC Fund (which, for the avoidance of doubt is known by the Plan as the 2017 Chapter 11 Unsecured Creditor Reserve) or its proceeds.

3. Donlin Recano is authorized and directed to update the claims register to reflect the relief granted in this Stipulation and Order.

4. The Bankruptcy Court shall maintain sole and exclusive jurisdiction and authority to interpret and enforce this Stipulation and Order, and to resolve any and all disputes related to this Stipulation and Order.

5. The Stipulation and Order represents the Parties' mutual understandings and supersedes all prior agreements whether in oral or written form.

6. This Stipulation and Order shall be effective and enforceable immediately upon entry.

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Order on the day and year indicated below.

Signed: February 26, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

*[Signature page follows]*

**AGREED AS TO FORM AND CONTENT:**

Dated: February 23, 2024

**STEWART ROBBINS BROWN & ALTAZAN, LLC**

*/s/ Paul Douglas Stewart, Jr.*
Paul Douglas Stewart, Jr.
(La. Bar # 24661, admitted to SDTX)
dstewart@stewartrobbins.com
Brandon A. Brown (Tx. Bar No. 24104237)
bbrown@stewartrobbins.com
301 Main Street, Suite 1640
Baton Rouge, LA 70801-0016
Telephone: (225) 231-9998
Facsimile: (225) 709-9467

***Attorneys for Thomas Thompson, Liquidating Trustee for the Castex Liquidating Trust***

**FOLEY & LARNDER LLP**

*/s/ John P. Melko*
John P. Melko
Texas Bar No. 24025245
Email: jmelko@foley.com
1000 Louisiana, Suite 2000
Houston, Texas 77002-5011
Telephone: 713-276-5500
Facsimile: 713-276-5555

***Attorneys for Apache Corporation***